**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

|  |  |  |
|---|---|---|
| **COLLETTE DAVIS, et al.,** | : | |
| | : | |
| Plaintiffs, | : | **CIVIL ACTION** |
| v. | : | |
| | : | **NO. 09-5520** |
| **ABINGTON MEMORIAL HOSPITAL, et al.,** | : | |
| | : | |
| Defendants. | : | |

---

|  |  |  |
|---|---|---|
| **SUSAN FRATTAROLA, et al.,** | : | |
| | : | |
| Plaintiffs, | : | **CIVIL ACTION** |
| v. | : | |
| | : | **NO. 09-5533** |
| **MERCY HEALTH SYSTEM OF SOUTHEASTERN PENNSYLVANIA, et al.,** | : | |
| | : | |
| Defendants. | : | |

---

|  |  |  |
|---|---|---|
| **KENNETH LYNN, et al.,** | : | |
| | : | |
| Plaintiffs, | : | **CIVIL ACTION** |
| v. | : | |
| | : | **NO. 09-5548** |
| **ARIA HEALTH SYSTEM, et al.,** | : | |
| | : | |
| Defendants. | : | |

---

|  |  |  |
|---|---|---|
| **KENNETH LYNN, et al.,** | : | |
| | : | |
| Plaintiffs, | : | **CIVIL ACTION** |
| v. | : | |
| | : | **NO. 09-5549** |
| **JEFFERSON HEALTH SYSTEM, INC., et al.,** | : | |
| | : | |
| Defendants. | : | |

---

```
                                        :
CASSANDRA RUFF, et al.,                 :
                                        :       CIVIL ACTION
              Plaintiffs,               :
       v.                               :       NO. 09-5550
                                        :
ALBERT EINSTEIN                         :
HEALTHCARE NETWORK, et al.,             :
                                        :
              Defendants.               :
                                        :
JOHN DUNCHESKIE, et al.,                :
                                        :
              Plaintiffs,               :       CIVIL ACTION
       v.                               :
                                        :       NO. 09-5551
TEMPLE UNIVERSITY HEALTH SYSTEM, et al.,:
                                        :
              Defendants.               :
                                        :
```

## MEMORANDUM OPINION

RUFE, J.                                                    August 7, 2012

In these six related putative collective and class actions, Plaintiffs allege that their

employers, various medical centers and their affiliates, violated the Fair Labor Standards Act

("FLSA"),[1] and various state laws by failing to pay them for all hours they worked.  By Opinion

and Order dated September 8, 2011, this Court dismissed the Amended Complaint in each case,

but granted Plaintiffs leave to file amended complaints consistent with the Opinion.[2]  Plaintiffs

_____

[1] 29 U.S.C. § 201 et seq.

[2] See Davis v. Abington Mem'l Hosp., Civ. A. No. 09-5520, Doc. Nos. 161, 162; Frattarola v. Mercy Health Sys. of Southeastern Pa., Civ. A. No. 09-5533, Doc. Nos. 184, 185; Lynn v. Aria Health Sys., Inc., Civ. A. No. 09-5548, Doc. Nos. 156, 157; Lynn v. Jefferson Health Sys., Inc., Civ. A. No. 09-5549, Doc. Nos. 341, 342; Ruff v. Albert Einstein Healthcare Network, Civ. A. No. 09-5550, Doc. Nos. 182, 183; Duncheskie v. Temple Univ. Health Sys., Civ. A. No. 09-5551, Doc. Nos. 217, 218.

2

did so, filing a Third Amended Complaint in each case.  Defendants have again moved to dismiss

these complaints.  For the reasons that follow the Motions will be granted.[3]

# I. BACKGROUND

A.   PROCEDURAL BACKGROUND

In November 2009, Plaintiffs filed parallel complaints in each of these six cases against

six sets of Defendants, each representing a network of health-care providers: "Mercy Health

Defendants"[4];  "Abington Memorial Health Defendants"[5]; "Aria Health Defendants"[6]; "Jefferson

Health Defendants"[7]; "Albert Einstein Healthcare Network Defendants"[8]; "Temple University

Health Center Defendants."[9]  The initial federal complaints contained only federal claims.  At the

---

[3]  Pursuant to Federal Rule of Civil Procedure 78, no oral argument was held.

[4]  Mercy Health Defendants are Defendants Mercy Health System of Southeastern Pennsylvania, Mercy Catholic Medical Center of Southeastern Pennsylvania, Mercy Fitzgerald Hospital, Mercy Philadelphia Hospital, Mercy Suburban Hospital, Nazareth Hospital, and St. Agnes Continuing Case Center.  Mercy Health Defendants are named as defendants in Frattarola v. Mercy Health Sys. of Southeastern Pa., Civ. A. No. 09-5533.

[5]  Abington Memorial Health Defendants are Defendants Abington Health, Abington Memorial Hospital, Lansdale Hospital, and Abington Memorial Hospital Foundation.  Abington Memorial Health Defendants are named as defendants in Davis v. Abington Mem'l Hosp., Civ. A. No. 09-5520.

[6]  Aria Health Defendants are Aria Health System, Aria Health - Frankford Campus, Aria Health - Torresdale Campus, and Aria Health - Bucks County Campus.  Aria Health Defendants are named as defendants in Lynn v. Aria Health Sys., Inc., Civ. A. No. 09-5548 and Aria Health System is named as a defendant in Lynn v. Jefferson Health Sys., Inc., Civ. A. No. 09-5549, as well.

[7]  Jefferson Health Defendants are Defendants Jefferson Health System, Inc., Thomas Jefferson University Hospitals, Inc., Magee Rehabilitation Hospital, and Main Line Health, Inc.  Jefferson Health Defendants are named as defendants in Lynn v. Jefferson Health Sys., Inc., Civ. A. No. 09-5549.

[8]  Albert Einstein Healthcare Network Defendants are Defendants Albert Einstein Healthcare Network and Albert Einstein Medical Center; both are named as defendants in Ruff v. Albert Einstein Healthcare Network, Civ. A. No. 09-5550.  In addition, Albert Einstein Healthcare Network is named as a defendant in Lynn v. Jefferson Health Sys., Inc., Civ. A. No. 09-5549.

[9]  Temple University Health Center Defendants are Defendants Temple University Health System, Inc., Temple University Hospital, Inc., Episcopal Hospital, and Jeanes Hospital.  Temple University Health Center Defendants are named as defendants in Duncheskie v. Temple Univ. Health Sys., Civ. A. No. 09-5551.

same time these federal civil actions were filed, Plaintiffs filed six related actions in the Philadelphia Court of Common Pleas; these state complaints contained solely state-law claims. While maintained as separate actions, the allegations in the state and federal complaints were essentially identical.

In December 2009, Defendants removed the state court actions to this Court (the "Removed Actions"),[10] asserting that the state-law claims fell within the scope of Section 502(a)(1) of the Employee Retirement Income Security Act ("ERISA").[11]  In three of the Removed actions, Defendants also asserted that Plaintiffs' Pennsylvania Wage Payment and Collection Law ("WPCL")[12] and breach of contract claims were preempted by, and removable under, Section 301 of the Labor Management Relations Act ("LMRA").[13]  Plaintiffs moved to remand the Removed Actions.  The Court denied Plaintiffs' motions, holding that ERISA preempted the state-law claims in their entirety, and that, in the three cases in which Defendants raised the issue,[14] Section 301 of LMRA preempted the WPCL and breach-of-contract claims.[15]

At the same time it denied Plaintiffs' Motions to Remand, the Court ordered that the

---

[10]  The Removed Actions were docketed in this Court as: <u>Duncheskie v. Temple Univ. Health Sys., Inc.</u>, Civ. A. No. 09-6012; <u>Ruff v. Albert Einstein Healthcare Network</u>, Civ. A. No. 09-6013; <u>Lynn v. Jefferson Health Sys., Inc.</u>, Civ. A. No. 09-6086; <u>Lynn v. Aria Health Sys.</u>, Civ. A. No. 09-6157; <u>Frattarola v. Mercy Health Sys. of Southeastern Pa.</u>, Civ. A. No. 09-6177; and <u>Davis v. Abington Mem'l Hosp.</u>, Civ. A. No. 09-6183.

[11]  29 U.S.C. § 1001, *et. seq.*

[12]  43 Pa. Cons. Stat. § 260.1, *et seq.*

[13]  29 U.S.C. § 185, *et seq.*

[14]  <u>Lynn v. Jefferson Health Sys.</u>, Civ. A. No. 09-6086; <u>Ruff</u>, Civ. A. No. 09-6013; <u>Frattarola</u>, Civ. A. No. 09-6177.

[15]  <u>Lynn v. Jefferson Health Sys.</u>, No. 09-6086, 2010 WL 3656634, at *4-5 (E.D. Pa. Sept. 15, 2010); Civ. A. No. 09-6086, Doc. No. 84 at 8-11; Civ. A. No. 09-5549, Doc. No. 214 at 8-11.

Removed Actions be consolidated with the pending federal actions, directed that Plaintiffs file a consolidated complaint in each federal action incorporating both state and federal claims, and closed the Removed Actions.[16]  On October 15, 2010, Plaintiffs filed an Amended Complaint in each case.  Again, Plaintiffs averred that Defendants denied them premium pay and overtime in violation of the Fair Labor Standards Act ("FLSA"),[17] that Defendants failed to keep accurate records of hours worked by their employees and breached their fiduciary duties in violation of ERISA, and that in doing so, Defendants violated the Racketeer Influenced and Corrupt Organizations Act ("RICO").[18]  Despite the Court's findings regarding the preemptive effect of ERISA and the LMRA in its Opinion on the Motion to Remand, Plaintiffs reasserted all state-law claims.

Defendants responded by jointly moving to dismiss the Amended Complaints.  By Opinion and Order dated September 8, 2011, the Court granted the motions, holding that the allegations were an "aggregation of conclusory statements and general allegations."[19] Specifically, the Court held that the Amended Complaints lacked factual support for the conclusory assertions that all Defendants were Plaintiffs' employers, and that, in failing to establish this employer-employee relationship, Plaintiffs had not stated a claim under the FLSA. The Court further held that Plaintiffs' failure in this regard also defeated their ERISA claims.

---

[16] Duncheskie, Civ. A. No. 09-6012, Doc. No. 44; Ruff, Civ. A. No. 09-6013, Doc. No. 40;  Lynn v. Jefferson Health Sys., Civ. A. No. 09-6086, Doc. No. 85; Lynn v. Aria Health Sys., Civ. A. No. 09-6157, Doc. No. 42; Frattarola, Civ. A. No. 09-6177, Doc. No. 39; and Davis, Civ. A. No. 09-6183, Doc. No. 27.

[17] 29 U.S.C. §§ 201-219.

[18] 18 U.S.C. §§ 1961-68.

[19] Ruff, Civ. A. No. 09-5533, Doc. No 184 at 19 (quoting Manning v. Boston Med. Ctr. Corp., No. 09-11463, 2011 WL 796505, at *2 (D. Mass Feb. 28, 2011)).

The Court dismissed the RICO claims because Plaintiffs failed to adequately allege the predicate act of mail fraud, and declined to exercise supplemental jurisdiction over the state-law claims. The Court granted Plaintiffs leave to amend.

After being granted an extension of time in which to file, Plaintiffs filed a Second Amended Complaint in each case. The Parties thereafter stipulated to the filing of Third Amended Complaints and to a joint briefing schedule. Plaintiffs filed their Third Amended Complaints on February 10, 2012.[20] Defendants then filed the Motions to Dismiss now before the Court. Defendants submitted one joint brief in support of their motions, which addresses the issues common to all Defendants.[21] Additionally, Defendants in two cases filed individual motions to address issues unique to their cases.[22] For purposes of the joint motion, the Parties rely upon and refer to the Third Amended Complaint in Frattarola, et al. v. Mercy Health System of Southeastern Pennsylvania, et al., Civ. A. No. 09-5533, as representative of all the Third Amended Complaints filed in these actions.[23] The Court will do so as well.

B.   FACTUAL BACKGROUND

Plaintiffs Susan Frattarola, Cassandra Ruff, and Pamela Kimble-Armstrong worked as

---

[20] Frattarola, Civ. A. No. 09-5533, Doc. No. 200; Davis, Civ. A. No. 09-5520, Doc. No. 181; Lynn v. Aria, No. 09-5548, Doc. No. 175; Lynn v. Jefferson, No. 09-5549, Doc. No. 359; Ruff, Civ. A. No. 09-5550, Doc. No. 196; Duncheskie, Civ. A. No. 09-5551, Doc. No. 236.

[21] Frattarola, Civ. A. No. 09-5533, Doc. No. 202; Davis, Civ. A. No. 09-5520, Doc. No. 182; Lynn v. Aria, No. 09-5548, Doc. No. 176; Lynn v. Jefferson, No. 09-5549, Doc. Nos. 360, 361-2; Ruff, Civ. A. No. 09-5550, Doc. No. 197; Duncheskie, Civ. A. No. 09-5551, Doc. No. 238.

[22] Frattarola, Civ. A. No. 09-5533, Doc. No. 201; Lynn v. Jefferson, No. 09-5549, Doc. No. 361-1.

[23] Third Amended Complaint ("TAC"), Doc. No. 200. In footnote 2 of their joint brief, Defendants identifying the Third Amended Complaint as Doc. No. 190. Docket Number 190 is the Second Amended Complaint. Despite this initial reference to the Second Amended Complaint, Defendants refer to the Third Amended Complaint throughout.

6

Registered Nurses ("RNs") at Defendant Mercy Philadelphia Hospital; Ms. Frattarola was employed at Mercy Philadelphia Hospital from May 2007 to July 2009, Ms. Ruff from October 2008 to October 2009, and Ms. Kimble-Armstrong from December 2004 to November 2008.[24] Plaintiff Anna May Lampart was employed as a Licensed Practical Nurse ("LPN") at Mercy Health System's Gray's Ferry Life Center ("Gray's") from August 2007 to September 2009.[25] Plaintiffs allege that Defendant Mercy Health System of Southeastern Pennsylvania controls Defendants Mercy Catholic Medical Center of Southeastern Pennsylvania, Mercy Fitzgerald Hospital, Mercy Philadelphia Hospital, Mercy Suburban Hospital, Nazareth Hospital, St. Agnes Continuing Care Center, and various other "Health Care Facilities."[26]

Plaintiffs contend that Defendants maintained three illegal work and pay policies: (1) the "Meal Break Deduction Policy," pursuant to which Defendants automatically took a daily half-hour deduction from Plaintiffs' paychecks for a meal break, even though Plaintiffs often had to work through those breaks;[27] (2) the "Unpaid Pre- and Post- Schedule Work Policy," pursuant to which Defendants did not pay Plaintiffs for work performed before and after their shifts;[28] and (3) the "Unpaid Training Policy" pursuant to which Defendants did not pay Plaintiffs for time spent at compensable training sessions.[29]

---

[24]  TAC ¶¶ 239, 251, 257.

[25]  TAC ¶ 244.  Grays is not named as a Defendant in the caption of the Third Amended Complaint.  See footnote 50, infra.

[26]  TAC ¶ 47.

[27]  TAC ¶¶ 269-301.

[28]  TAC ¶¶ 302-29.

[29]  TAC ¶¶ 338-55.

## II. Standard of Review

To determine the sufficiency of a complaint under Rule 12(b)(6), court must take three

steps:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state
> a claim." Second, the court should identify allegations that, "because they are no
> more than conclusions, are not entitled to the assumption of truth." Finally,
> "where there are well-pleaded factual allegations, a court should assume their
> veracity and then determine whether they plausibly give rise to an entitlement for
> relief."[30]

In reviewing a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief

may be granted, the Court must accept a plaintiff's factual allegations as true and construe the

complaint in the light most favorable to the plaintiff.[31] Courts are not, however, bound to accept as

true legal conclusions couched as factual allegations,[32] or "accept as true unsupported conclusions

and unwarranted inferences."[33] The Complaint must set forth "direct or inferential allegations [for]

all the material elements necessary to sustain recovery under some viable legal theory."[34] And it

must allege "enough facts to state a claim to relief that is plausible on its face."[35] "The plausibility

standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that

---

[30] Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1947-50 (2009)).

[31] Phillips v. Cnty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008).

[32] Bell Atl. Corp. v. Twombly, 550 U.S. 544, 564 (2007).

[33] Schuylkill Energy Res., Inc. v. Pa. Power & Light Co., 113 F.3d 405, 417 (3d Cir.), cert. denied, 522 U.S. 977 (1997).

[34] See Twombly, 550 U.S. at 562 (citations and quotations omitted).

[35] Id. at 570.

a defendant acted unlawfully."[36]

### III. DISCUSSION

A.     FLSA CLAIMS

"Congress enacted the FLSA in 1938 with the goal of 'protect[ing] all covered workers from substandard wages and oppressive working hours.'"[37]   Among other requirements enacted to further this goal, § 207(a) requires "employers to compensate employees for hours in excess of 40 per week at a rate of 1 1/2 times the employees' regular wages."[38]   Section 216(b) provides a private right of action for violations of the FLSA, including a suit by one or more employees filed on behalf of themselves and other similarly situated employees.[39]

Here, Plaintiffs FLSA claims are two-fold—they allege they are entitled to compensation for both overtime hours under 29 U.S.C. § 207(a), and "gap-time" hours, citing 29 C.F.R. § 778.315.   Defendants have moved to dismiss the FLSA claims, asserting that Plaintiffs have failed to remedy the defects identified by the Court in its September 8, 2011 Opinion, and that Plaintiffs' FLSA claims fail as a matter of law.

---

[36] Iqbal, 129 S. Ct. at 1949.

[37] Christopher v. SmithKline Beecham Corp., 132 S. Ct. 2156, 2162 (2012) (quoting Barrentine v. Arkansas–Best Freight Sys., Inc., 450 U.S. 728, 739 (1981) (alteration in original) and citing 29 U.S.C. § 202(a)).

[38] Id.

[39] Knepper v. Rite Aid Corp., 675 F.3d 249, 253 (3d Cir. 2012).

1.     The Allegations Are Sufficient To Support A Finding That There Exists An
       Employer-Employee Relationship Between Plaintiffs And Some Of The
       Defendants

For a defendant to be liable as an employer under the FLSA, the defendant must be an

"employer" as defined under the Act, in that the defendant must be alleged to have had an

employer-employee relationship with the plaintiff.[40]  Here, Defendants assert that Plaintiffs have

failed to correct the deficiencies identified by the Court in its September 8, 2011 Opinion.

According to Defendants, Plaintiffs have failed to state a claim under the FLSA because they

have not alleged that each Defendant was an employer of one or more of the named Plaintiffs.

The Court agrees, in part.

Under the FLSA, an employer "includes any person acting directly or indirectly in the

interest of an employer in relation to an employee;"[41] a "person" includes "an individual,

partnership, association, corporation, business trust, legal representative, or any organized group

of persons."[42]  A "single individual may stand in the relation of an employee to two or more

employers at the same time under the [FLSA]."[43]  A "joint employment relationship" is generally

considered to exist:

> (1) Where there is an arrangement between the employers to share the
> employee's services . . . ; or (2) Where one employer is acting directly or
> indirectly in the interest of the other employer (or employers) in relation to
> the employee; or (3) *Where the employers are not completely disassociated*

---

[40]  See generally In re Enterprise Rent-A-Car Wage & Hour Employment Practices Litig., 683 F.3d 462,
467 (3d Cir. 2012).

[41]  29 U.S.C. § 203(d).

[42]  29 U.S.C. § 203(a).

[43]  In re Enterprise, 683 F.3d at 467 (quoting 29 C.F.R. § 791.2(a)) (alteration in original).

> *with respect to the employment of a particular employee and may be deemed*
> *to share control of the employee, directly or indirectly, by reason of the fact*
> *that one employer controls, is controlled by, or is under common control with*
> *the other employer.*[44]

"A determination of whether the employment by the employers is to be considered joint employment or separate and distinct employment for purposes of the act depends upon all the facts in the particular case."[45]  As the Third Circuit has explained:

> When determining whether someone is an employee under the FLSA, "economic reality rather than technical concepts is to be the test of employment."  Under this theory, the FLSA defines employer "expansively," and with "striking breadth."  The Supreme Court has even gone so far as to acknowledge that the FLSA's definition of an employer is "the broadest definition that has ever been included in any one act."[46]

In its September 8, 2011 Opinion, the Court found that despite Plaintiffs' voluminous averments, they failed to allege an employer-employee relationship because such averments were merely an "aggregation of conclusory statements and general allegations," and did not identify a single specific employer-employee relationship which could provide a basis for liability.  The Amended Complaint lacked any factual support to substantiate Plaintiffs' conclusory assertion that all Defendants were their employers; Plaintiffs failed to allege to whom they reported each day; from whom they received their paychecks; information about who set their rate of pay and

---

[44] 29 C.F.R. § 791.2(b) (emphasis added).

[45] In re Enterprise, 683 F.3d at 467 (quoting 29 C.F.R. § 791.2(a)).  In the Third Amended Complaint, Plaintiffs advance an additional theory of liability: "Single Employer" or "Entity Liability."  Although the Third Circuit has applied this theory in the context of a Title VII claim, see Nesbit v. Gears Unlimited, Inc., 347 F.3d 72 (3d Cir. 2003), the Third Circuit has not expanded the "single employer" test to FLSA overtime claims.  See In re Enterprise Rent-A-Car Wage & Hour Employment Practices Litig., 735 F. Supp. 2d 277, 340 n. 25 (W.D. Pa. 2010).  Because the expansion of this doctrine does not change the Court's conclusion regarding the sufficiency of the FLSA claim, the Court need not determine whether such theory may be a basis for liability in this case.

[46] In re Enterprise, 683 F.3d at 467-68 (internal citations omitted).

11

other conditions of their employment; or who directly supervised their work. While the Third

Amended Complaint includes much of this information, it falls short of establishing that every

Defendant was an employer.

The Third Amended Complaint alleges that Plaintiffs Susan Frattarola, Cassandra Ruff,

and Pamela Kimble-Armstrong worked as RNs at Defendant Mercy Philadelphia Hospital, and

that Plaintiffs' direct supervisors at Mercy Philadelphia Hospital supervised their work and were

the individuals to whom they reported each day. It further alleges that Defendant Mercy Catholic

Medical Center is the entity from whom Plaintiffs receive their paychecks,[47] and that Defendant

Mercy Health System of Southeastern Pennsylvania's CEO, H. Ray Welch, has operational

control over several "Mercy Health System" entities, including Mercy Philadelphia Hospital and

Mercy Catholic Medical Center, and has the authority to make decisions related to employment,

training, and payroll.[48] These allegations are sufficient to state a claim that Defendants Mercy

Health System of Southeastern Pennsylvania, Mercy Catholic Medical Center, and Mercy

Philadelphia Hospital were Plaintiffs' employers.[49]

However, Plaintiffs have failed to establish an employer-employee relationship between

named Plaintiffs and Defendants Mercy Fitzgerald Hospital, Mercy Suburban Hospital, Nazareth

---

[47] TAC ¶ 49.

[48] TAC ¶ 53-61.

[49] See In re Enterprise, 683 F.3d at 468 (quoting N.L.R.B. v. Browning-Ferries Indus. of Pa., 691 F.2d 1117, 1124 (3d Cir. 1982) (second alteration in original)) ("[W]here two or more employers exert significant control over the same employees—[whether] from the evidence it can be shown that they share or co-determine those matters governing essential terms and conditions of employment—they constitute 'joint employers.'").

Hospital, and St. Agnes Continuing Care Center.[50]  Each paragraph pertaining to these Defendants contains generalized assertions about the relationship these medical centers have with Defendant Mercy Health System of South Eastern Pennsylvania.  To establish that these medical centers are employers under the FLSA, however, Plaintiffs must also connect these Defendants to the allegations of wrongdoing or show that these medical centers exert significant control over the employment of the named Plaintiffs.[51]  Plaintiffs have failed to do so.  These Defendants cannot be held liable merely because they have common ownership or are otherwise part of a common enterprise wherein some entities are employers of the named Plaintiffs.[52]  The allegations fail to connect these Defendants to the factual averments of wrongdoing and accordingly, fail to state a claim against these Defendants.

    2.    <u>Plaintiffs' "Gap Time" Claims Are Not Within the Purview Of The FLSA</u>

The FLSA requires that employers pay employees minimum wage, and that, for hours worked beyond the 40-hour weekly threshold, an employer compensate an employee at a rate of at least one and a half times the employee's regular rate.[53]  An employer who violates the

---

[50]  Notwithstanding the repeated references to Defendant St. Agnes Continuing Care Center ("St. Agnes") in the Third Amended Complaint, the relationship among St. Agnes, the other Defendants, and Plaintiff Anna May Lampart is unclear.  It appears that Ms. Lampart was hired by St. Agnes, but that she worked for Gray's.  Gray's is not named as a Defendant.  Although St. Agnes may have a relationship with Gray's that would give rise to a finding that St. Agnes is Ms. Lampart's employer, the allegations are insufficient to state this claim.  This lack of clarity is immaterial to the disposition of this motion because, for reasons stated below, Plaintiffs fail to state a claim against any Defendant.

[51]  <u>See</u> <u>In re Enterprise</u>, 683 F.3d at 468

[52]  <u>See generally</u> <u>Nakahata v. New York-Presbyterian Healthcare System, Inc.</u>, No. 10-2661, 2011 WL 321186, at *4 (S.D.N.Y. Jan. 28, 2011) ("The complaints are deficient due to the failure to specify which entity, among the many named defendants, employed the respective plaintiffs.  Certainly if one entity did not pay an employee for overtime, that is an insufficient basis for naming every other health care facility affiliated with the employer.").

[53]  29 U.S.C. §§ 206, 207.

minimum wage provision of § 206, or the overtime provision of § 207, "shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation."[54]  "[T]he FLSA does not create liability for unpaid non-overtime compensation for an employee who was paid at least the minimum wage."[55]

"'Gap time' refers to time that is not covered by the overtime provisions because it does not exceed the overtime limit, and to time that is not covered by the minimum wage provisions because, even though it is uncompensated, the employees are still being paid a minimum wage when their salaries are averaged across their actual time worked."[56]  "Gap time" claims therefore do not fall within the purview of the FLSA.[57]

Here, Plaintiffs do not assert a claim pursuant to the minimum wage provision of the FLSA, § 206.  Rather, they assert their FLSA claims pursuant to the overtime provision in § 207.  Plaintiffs therefore must allege that they worked in excess of 40 hours a week and were not compensated for those excess hours.  To the extent Plaintiffs seek recovery under the FLSA for hours worked but not compensated below the 40-hour weekly threshold, such claims will be dismissed.  Although Plaintiffs may be entitled to payment based on a different theory of liability, the FLSA does not provide Plaintiffs the remedy they seek.[58]

---

[54]  29 U.S.C. § 216(b).

[55]  Lopez v. Tri-State Drywall, Inc., No. 11-5062, 2012 WL 953681, at *2 (E.D. Pa. Mar. 20, 2012)

[56]  Adair v. City of Kirkland, 185 F.3d 1055, 1062 n.6 (9th Cir. 1999); see 29 U.S.C. §§ 206, 207.

[57]  See Lopez, 2012 WL 953681, at *2 (quoting Brothers v. Portage Nat'l Bank, No. 06-94, 2007 WL 965835, at *5 (W.D. Pa. Mar. 29, 2007) (collecting cases)).

[58]  Plaintiffs cite 29 C.F.R. § 778.315 in support of their contention that they are entitled to compensation for "gap-time" hours worked.  29 C.F.R. § 778.315 provides:

3.      The Sufficiency Of Plaintiffs' Remaining FLSA Claims

Having determined that the FLSA does not provide a remedy for the alleged "gap-time"

claims, the Court now considers whether the FLSA claims that remain—the claims that Plaintiffs

were not paid for overtime hours—are sufficiently alleged.  Plaintiffs claim that they should be

compensated for time spent working during meal breaks, for hours spent attending training

programs, and for work accomplished before and after their scheduled shifts.  To state a claim

that this time is compensable, Plaintiffs must allege that these hours are recoverable under the

FLSA as "overtime hours"— i.e., during a week in which Plaintiffs completed these tasks, they

worked more than 40 hours total.  Plaintiffs have failed to do so.

The abundance of allegations notwithstanding, it is not clear from the Third Amended

Complaints whether any of the named Plaintiffs worked overtime within the meaning of the

statute.  Plaintiffs have failed to allege a single specific instance in which a named Plaintiff

worked overtime and was not compensated for this time.  This deficiency is fatal to Plaintiffs'

claims.

While the Third Amended Complaint contains 488 paragraphs, only 24 of those

_____

> In determining the number of hours for which overtime compensation is due, all hours
> worked (see § 778.223) by an employee for an employer in a particular workweek must be
> counted. Overtime compensation, at a rate not less than one and one-half times the regular
> rate of pay, must be paid for each hour worked in the workweek in excess of the applicable
> maximum hours standard. *This extra compensation for the excess hours of overtime work
> under the Act cannot be said to have been paid to an employee unless all the straight time
> compensation due him for the nonovertime hours under his contract (express or implied) or
> under any applicable statute has been paid.*

While this regulation provides guidance in the form of an assumption—that is, in weeks in which an employee works
overtime, a court is to assume that compensation has been paid for hours within the 40 hour work week before
overtime compensation is paid—it does not support the proposition that non-overtime hours are compensable under
the FLSA in weeks in which an employee does not work overtime.  Consequently, it does not change the Court's
conclusion with respect to Plaintiffs "gap-time" claims.

paragraphs allege facts specific to Plaintiffs in the case.[59]  Most of the remaining 464 paragraphs contain either irrelevant verbiage ("Across the United States, pay practices throughout the health care industry are being investigated for failure to properly pay hourly employees for all time worked.")[60], immaterial background information ("The Sisters of Mercy, founded in Dublin, Ireland in 1831, founded Mercy Hospital (then called Misericordia Hospital) in 1918.")[61], or legal assertions regarding potential theories of liability.[62]

Of those 24 paragraphs which do contain facts specific to Plaintiffs, none contain any specific instances where a named Plaintiff worked overtime and was not paid for it.  Although these paragraphs contain phrases such as "frequently" and "occasionally" to describe hours worked, they appear to contain internal inconsistencies which prevent the Court from determining whether it is alleged that a single named Plaintiff ever worked more than 40 hours a week and was not compensated for that time at an overtime rate.[63]  In fact, Plaintiff Cassandra Ruff specifically alleges that she worked only 24 hours per week.[64]

The Court has reviewed the Third Amended Complaint in each case and finds that they

---

[59]  See TAC ¶¶ 239-262.

[60]  TAC ¶ 266.

[61]  TAC ¶ 41.

[62]  See, e.g., TAC ¶¶ 110-121.

[63]  See, e.g., TAC ¶¶ 241-42.  The only Plaintiff who arguably alleges she worked overtime is Ms. Lampert. However, internal inconsistencies render her allegations deficient and prevent the Court from making a finding that she worked overtime.  Duke v. H & R Block Bank, No. 10-1927, 2011 WL 1060656, at *5 n.10 (D. Colo. Mar. 8, 2011) ("The factual inconsistencies in Plaintiffs' Complaint, along with the speculative nature of the allegations, do not give rise to an assumption of truth.") (citing Iqbal, 129 S. Ct. at 1949, and Twombly, 550 U.S. at 555).

[64]  TAC ¶¶ 253-54.

suffer from the same defects.[65]  Plaintiffs have simply failed to allege facts to support their FLSA

claims, despite being afforded several opportunities to do so.  Accordingly, the Court will

dismiss these claims.[66]

B.    STATE LAW CLAIMS

Having dismissed the only claims over which it has original jurisdiction, the Court

declines to exercise supplemental jurisdiction over the remaining state law claims given that,

despite its age, this case is in the early stages of the litigation process and no federal claims

survive.[67]  Accordingly, the Court will dismiss all claims contained in the Third Amended

Complaints.

C.    LEAVE TO AMEND

In dismissing these actions, the Court does not grant leave to amend.  While Federal Rule

---

[65]   The Third Amended Complaints in the related cases suffer from these same pleading inconsistencies and from a general lack of clarity.  For example, in the Third Amended Complaint in Davis v. Abington Health, Civ. A. No. 09-5520, it is alleged that Plaintiff Erica Williams "typically worked" 40 hours per week and "typically worked between 41 and 45 hours per week for which she was compensated . . . ."  The continued use of these words "typically" and "frequently," prevent the Court from being able to infer that Plaintiffs were uncompensated for meal breaks or training in a week in which they in fact worked more than 40 hours.  While Plaintiffs allege in a conclusory fashion that "the uncompensated hours . . . should have been paid at overtime rates," Plaintiffs have simply failed to allege a sufficient factual basis to support these conclusions; they have failed to allege a single specific instance where a Plaintiff worked overtime and was not paid.

[66]   Although it is not dispositive in the instant case given the Court's findings above, the Court briefly addresses Defendants' alternative arguments supporting dismissal of Plaintiffs' FLSA claims.  The Court notes that the implementation of an automatic meal-break deduction is not a *per se* violation of the FLSA, that the FLSA does not require an employer to provide an employee with meal breaks, and that a requirement that employees report their time worked to be paid for that time is not a *per se* violation of FLSA.  However, these principles do not support the contention that such policies and practices can never violate the FLSA.  Rather, these policies and practices are permissible so long as the employer accurately records the actual hours worked, including any work performed during a lunch period, and pays the employee for such hours.  Thus, these principles do not require dismissal as a matter of law if it is alleged that the employer fails to accurately record the actual hours worked.

[67]   Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988).

of Civil Procedure 15(a) "requires that leave to amend the pleadings be granted freely 'when justice so requires,'" repeated failure to cure deficiencies by amendments previously allowed is just grounds for denying an amendment.[68]  Here, Plaintiffs have failed to remedy the defects of their Complaints despite being afforded ample opportunity to do so.

In dismissing the Amended Complaints in these cases on September 8, 2011, the Court noted that in light of the Court's explicit instructions in the Opinion and the decisions of at least six other district courts that have dismissed substantially similar complaints,[69] Plaintiffs' counsel, who represent the plaintiffs in those actions in other courts as well, "are on sufficient notice that '[i]t is not enough to simply parrot, word-for-word, the 'vague and conclusory allegations' used 'in more than a dozen actions.'"[70]  Notwithstanding the Court's unambiguous direction that conclusory statements and general allegations would not suffice, the Third Amended Complaints, yet again, contain a multitude of conclusory allegations without specific facts to support them. While Plaintiffs clearly have developed a theory of liability, they have failed to support that

---

[68]  Long v. Wilson, 393 F.3d 390, 400-01 (3d Cir. 2004).

[69]  See, e.g., Manning Boston Med. Ctr. Corp., No. 09-11463, 2011 WL 796505, at *2 (D. Mass. Feb. 28, 2011) (dismissing FLSA, RICO, and ERISA claims); Cavallaro v. Umass Mem'l Health Care Inc., No. 09-40152, 2011 WL 2295023, at *7 (D. Mass. June 8, 2011), rev'd in part, 678 F.3d 1 (1st Cir. 2012) (dismissing plaintiffs' FLSA and ERISA claims); DeSilvia v. N. Shore-Long Island Jewish Health Sys., Inc., 770 F. Supp. 2d 497, 548 (E.D.N.Y. 2011) (dismissing plaintiffs FLSA, RICO, ERISA, and state law claims); Sampson v. Medisys Health Network, Inc., No. 10-1342, 2011 WL 579155, at *10 (E.D.N.Y. Feb. 8, 2011) (dismissing Plaintiffs' FLSA, RICO, and state law claims); New York-Presbyterian Healthcare System, Inc., No. 10-2661, 2011 WL 321186, at *6 (S.D.N.Y. Jan. 28, 2011) (dismissing FLSA, RICO, and state law claims in four related cases); Pruell v. Caritas Christi, No. 09-11466, 2010 WL 3789318, at * 5 (D. Mass Sept. 27, 2010 ) (dismissing FLSA, ERISA, RICO and state-law claims); Wolman v. Catholic Health Sys. of Long Island, No. 10-1326, 2010 WL 5491182, at *7 (E.D.N.Y. Dec. 30, 2010) (dismissing plaintiff's FLSA, RICO, and state law claims); Cavallaro v. Umass Mem'l Health Care Inc., No. 09-40152, 2010 WL 3609535, at *7 (dismissing plaintiffs' RICO claims); Camesi v. Univ. of Pittsburgh Med. Ctr., No. 09-85J, 2010 WL 235123, at *2 (W.D. Pa. Jan 11, 2010) (dismissing Plaintiffs' ERISA claims).

[70]  Civ. A. No. 09-5550, Doc. No. 182 at 19 (quoting Wolman, 2011 WL 1741905, at *3 (quoting Nakahata, 2011 WL 321186, at *6)).

18

theory with concrete facts and specific instances of wrongdoing.

Plaintiffs have repeatedly been granted leave to amend, both by the Court and through stipulation.  Because Plaintiffs have failed to remedy the defects of their Complaints, the Court finds that justice does not require that leave to amend be again granted in these cases.

## IV. Conclusion

For the foregoing reasons, the Third Amended Complaints in each of the six related actions at issue shall be dismissed.

An appropriate Order for each case follows.